UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21273-CIV-UNGARO/SIMONTON

GIOVANNI MUNOZ,

    Plaintiff,

v.

KOBI KARP ARCH. & INTERIOR,
et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION RE:**
**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND**
**FOR REASONABLE EXPENSES OF LITIGATION**

Presently pending before the Court is Plaintiff Giovanni Munoz's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation (DE # 27). Defendants have filed a Response to the Motion (DE # 33) and the Plaintiff has filed a Reply (DE # 34). The Motion is referred to the undersigned Magistrate Judge (DE # 28). Following a careful review of the record as a whole, it is hereby recommended that Plaintiff's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation be **GRANTED in part**.

    I.    BACKGROUND

This matter was initiated when the Plaintiff, Giovanni Munoz, filed a two-count Complaint against Defendants Kobi Karp Architecture & Interior Design Inc., and Kobi Karp, individually, alleging violations of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 207, et seq. (DE # 1). According to the Complaint, the Plaintiff was employed by Kobi Karp Architecture & Interior Design, Inc., ("KKA") as an intern/draftsman for approximately six months, and was not properly compensated at a rate of one and one-

half times his regular rate of pay for hours he worked in excess of forty hours a week, as required by the FLSA.

In their Answer, the Defendants denied that they had violated the FLSA and further asserted that the Plaintiff was not an employee as defined by the FLSA.  In addition, the Defendants contended that any amounts that Defendants failed to pay the Plaintiff, were *de minimis* (DE # 9).

After the Parties attempted to negotiate a settlement for several weeks, on July 7, 2009, the Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment (DE # 14) and the Offer of Judgment, that reflected that the Defendant KKA offered to allow an entry of judgment in favor of the Plaintiff in the amount of Two Thousand Three Hundred Eighty-Four and Twenty-Eight cents ($2,384.28) plus reasonable attorneys' fees as full and final satisfaction of the Plaintiff's claims against KKA (DE # 14-1).  Approximately one month later, the Parties jointly moved for the Court to approve the Settlement Agreement between the Parties, which reflected the amount set forth in the Offer of Judgment, and to dismiss the case with prejudice (DE # 23).  In the Motion to Approve Settlement Agreement, the Parties requested that the Court determine the amount of Plaintiff's reasonable attorney's fees and costs.  Thereafter, on August 13, 2009, the Court approved the Settlement Agreement and dismissed the case with prejudice (DE # 26).

The Plaintiff then filed the instant Motion for Attorney's Fees (DE # 27).  The Defendants have filed a Response in opposition to that Motion (DE # 33) and the Plaintiff has filed a Reply (DE # 34).

## II. MOTION FOR ATTORNEY'S FEES

### A. Positions of the Parties

The Plaintiff has filed the instant Motion seeking to recover $5277.50 in attorneys fees for legal work performed related to this litigation, and also seeks $430.00 in costs incurred for the filing fee and service of process fee in this matter. The Plaintiff asserts that he is entitled to the requested attorney's fees because he became a prevailing party when he accepted the Defendant's Offer of Judgment, and under the FLSA the award of attorney's fees is mandatory to a prevailing party. In addition, the Plaintiff asserts that the amount of attorney's fees sought is reasonable in this matter.

In support of his Request, the Plaintiff has submitted an affidavit by Counsel for the Plaintiff Robert S. Norell which states that he is seeking compensation for 13.7 hours for work performed personally by him on this matter (DE # 27-2). Mr. Norell's Affidavit further provides, *inter alia*, that he is counsel for the Plaintiff in this matter, that he has been admitted to the Florida Bar since 1994, that his current practice is primarily devoted to wage and hour litigation under the FLSA, that he has handled over 300 cases similar to the instant case, and that his billable rate is currently $325.00 per hour. Mr. Norell's Affidavit further provides that although Mr. Norell sometimes performs routine clerical tasks such as copying and filing, that he has not billed for those hours. The Affidavit also states that Jon M. Kreger, who has passed the Florida Bar Exam and is awaiting his admission to the bar, has worked as a law clerk at Mr. Norell's firm for the past two and a half years and is now employed as an associate at the firm, is billed at a rate of $125.00 per hour and worked on this matter for a total of 6.6 hours. Finally, the Plaintiff has submitted an affidavit from Attorney Christopher C. Sharp, a labor law attorney, who states that the hours billed by Mr. Norell and Mr. Kreger are reasonable in a case of this

nature (DE # 27-3 at 4).

Defendants, on the other hand, while not taking issue with the Plaintiff's claim that he is a prevailing party, contend that the Plaintiff's attorney's fees are disproportionate to the amount of overtime compensation sought by the Plaintiff and the amount of work completed by the Plaintiff's counsel prior to the Defendants offering to settle this matter.  The Defendants assert that although they did not believe that they had any FLSA liability to the Plaintiff, in an effort to keep litigation costs to a minimum, they offered to settle the case for a *de minimis* amount, in light of the short length of time that the Plaintiff interned with KKA.

Specifically, according to the Defendants, on May 14, 2009, two days after the Plaintiff filed his Complaint, the Plaintiff, upon the Defendants' request, provided a written calculation of damages asserting that Mr. Munoz was entitled to overtime payments in the amount of $1,192.14, plus an equal amount for liquidated damages, for a total amount of $2,384.28 (DE # 33-1).  However, in that correspondence, the Plaintiff also demanded that the Defendants pay the Plaintiffs' reasonable attorney's fees and costs in the amount of $3,500.00.  The Defendants then requested that Plaintiff's Counsel provide the Defendants with a copy of the time records which substantiated the Plaintiff's requested amount for Attorney's Fees (DE # 33-3).  The Defendants assert that the Plaintiff's Counsel refused to provide the Defendants with the requested billing records and, further, delayed the resolution of this matter in order to increase the amount of the attorney's fees incurred.  Therefore, Defendants assert that the Plaintiff's request for attorney's fees should be denied in its entirety.  In the alternative, the Defendants argue that Lead Counsel for Plaintiff, Robert Norell's, hourly rate should be reduced to $250.00 per hour, Mr. Kreger's hourly rate should be reduced to $100.00 per hour, and the total

hours billed by Plaintiff's Counsel should be reduced to 6.8 hours, for a total award of attorney's fees of $1,505.00 (DE # 33 at 14).

In reply, the Plaintiff counters that although the May 14, 2009 correspondence from the Plaintiff's Counsel to the Defendants' Counsel included a request for attorney's fees in the amount of $3,500.00, that amount reflected fees not already incurred, but rather set forth a starting point for negotiating a settlement of the attorney's fee portion of the Plaintiff's claim (DE # 34).  In addition, the Plaintiff asserts that many of the hours billed by Plaintiff's Counsel after the Parties initially attempted to settle the case were caused by the Defendants' Counsel's insistence that Plaintiff's Counsel provide detailed billing records to the Defendants prior to submitting the issue to the Court for resolution, and the continued attempts between the Parties to negotiate the attorney fees issue.  The Plaintiff therefore maintains that the amount of attorney's fees requested is reasonable under the facts of this case.

### B. Applicable Law and Analysis

#### 1. Entitlement

The Fair Labor Standards Act ("FLSA") provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  In this case, although the Defendants do not dispute that a judgment was entered in the Plaintiff's favor, the Defendants argue that the Plaintiff is not entitled to recover attorney's fees because the suit sought a *de minimis* amount in damages and the Plaintiff's Counsel delayed the resolution of the action in order to "drive up" attorney's fees.[1]

---

[1] **Defendants emphasize the fact that the Plaintiff did not give pre-suit filing notice to the Defendants prior to initiating this action.  However, the FLSA does not require any

However, for the following reasons, although it is likely that this matter could have been resolved in a more expeditious and less costly manner, the undersigned concludes that the record does not support a finding that the Plaintiff's request for attorney's fees should be denied in its entirety.

First, it is worth noting that Plaintiff's Counsel's billing records reflect that when the May 14, 2009, letter was sent to KKA from Plaintiff's Counsel, a total of 3.00 hours had been spent on the case by Attorney Robert S. Norell and a total of 2.80 hours had been spent on the matter by Jon M. Kreger (DE # 27-2).[2]  Therefore, at the time Plaintiff's Counsel forwarded the letter requesting $3500.00 in attorney's fees to the Defendants, the Plaintiff's attorney's fees totaled $1325.00, representing $975.00 for Attorney Norell (3 hours x $325.00/hr.) and $350.00 for Jon M. Kreger (2.80 hours x $125.00/hr.)  Hence, Counsel for the Plaintiff initially requested that the Defendants settle the attorney's fee portion of the Plaintiff's claim for $2175.00 more than the actual amount of attorney's fees that had been incurred at that point.  As such, at first blush, the Defendants' argument that Plaintiff's Counsel merely "drove up" the attorney's fees instead of quickly settling this matter holds some appeal.  However, upon closer review of the

---

type of pre-suit notification and thus, the Plaintiff's failure to provide the Defendants with such notification is of no moment in resolving the instant dispute. *But see Sahyers v. Prugh, Holliday & Karatinos*, 560 F.3d 1241 (11th Cir. 2009) (aff'g trial court's denial of attorney's fees award in FLSA case where although plaintiff was the prevailing party, counsel for plaintiff failed to contact defendant law firm prior to filing suit in an effort to resolve matter) *en banc reh'g denied,* 2010 WL 1488520 *1  (11th Cir. April 14, 2010) .

[2] Although the Defendants assert that the total number of hours expended by Plaintiff's Counsel at the time of the May 14, 2009 letter was 3.0 hours, this calculation omits the number of hours expended by Jon Kreger which, as reflected by the Plaintiff's Counsel's billing records, totaled 2.80 hours, although 1.8 of Mr. Kreger's hours were ultimately written off by the Plaintiff's counsel.  Thus, the evidence before the Court indicates that a total of 5.8 hours had been expended by Plaintiff's counsel on the matter on or before May 14, 2009.

correspondence between the Parties and the Plaintiff's Counsel's time records, it appears that the Plaintiff's demand for $3500.00 for attorney's fees may have represented the total amount of fees that Plaintiff's Counsel anticipated would be incurred by the time the entire matter was concluded.

Indeed, given that this matter is an FLSA case, once the matter was settled, the Parties still would have been required to prepare and submit any settlement agreement for the Court's review prior to the action being dismissed, pursuant to *Lynn Food Stores v. U.S. ex rel. U.S. Dept. Of Labor,* 679 F.2d 1350, 1352 (11th Cir. 1982)*,* which requires a court to assess whether an FLSA settlement between an employee and employer is fair. Thus, as noted by Plaintiff's Counsel in the Reply to the Motion, additional attorney's fees necessarily would have been incurred after the May 14, 2009, correspondence, related to the drafting, execution and submission of the settlement agreement to the court.

Second, *Goss v. Killian Oaks House of Leaning*, 248 F. Supp.2d 1162 (S.D. Fla. 2003), an FLSA action which the Defendants cite in support of their position, is distinguishable from the case a bar. In *Goss*, the plaintiff was employed by the defendant for only eleven days and sought payment in the amount of $137.03 for her final two days of work plus an unspecified amount of overtime compensation. Prior to the filing of the FLSA action, the defendant had been willing to pay the plaintiff the two-day past amount as part of the defendant's normal payroll cycle, but plaintiff refused the payment. Thereafter, when the action was filed, the defendant tendered the back wage amount to the plaintiff and, although the plaintiff's counsel failed to specify the amount of overtime wages claimed, the defendant simply paid the plaintiff an additional $178.86, representing the maximum amount the plaintiff could have recovered under the FLSA

7

given her short tenure with the defendant.  The plaintiff's attorney then filed a motion for approval of settlement and sought to recover attorneys' fees in an amount close to $16,000.00.  The court refused to grant plaintiff's counsel any attorney's fees and noted that the plaintiff's attorney billed an additional 23.3 hours after the case had been settled in full.  The court characterized the defendant's payment as a "nuisance settlement" and stated that plaintiff's counsel's request for $16,000.00 in attorney's fees for a case that was only worth $316.00 "shock[ed] the conscience of the Court." *Id*. at 1169.

In contrast, the Plaintiff's recovery in the instant matter was far greater than that in *Goss*, and the attorney's fees sought are far less.  Thus, the Plaintiff's requested attorney's fees herein are no where near the excessively disproportionate amount sought in *Goss*.  Moreover, the Plaintiff did not seek an unspecified amount of overtime wages in this case, but rather promptly responded to the Defendants' request for the amount of overtime that the Plaintiff claimed he was owed from the Defendants.  Specifically, in his initial demand letter to the Defendants, the Plaintiff asserted that he was entitled to a total of $2384.28 in actual and liquidated damages for unpaid overtime wages for six months of overtime work plus reasonable attorney's fees (DE # 33-1).  The Offer of Judgment that was accepted by the Plaintiff provided that the Plaintiff would receive that exact amount (DE ## 14, 14-1, 23-2).  Thus, the Defendants here did not settle the case for either a *de minimis* amount or a nuisance value, and as such, the Plaintiff is entitled to collect his reasonable attorney's fees.

This conclusion is consistent with the holding in *Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293 (S.D. Fla. 2008) wherein the Court rejected a defendant's argument that an FLSA plaintiff's request for attorney's fees in the amount of approximately $14,000.00, after the plaintiff accepted of an offer of judgment in the

amount of $153.84, should be denied in its entirety. The Court found the case to be distinguishable from *Goss* because, although the amount of requested attorney's fees was extremely unreasonable under the facts of that case, the plaintiff's suit still could not be characterized as a nuisance suit. In addition, the court noted that the Plaintiff's counsel was forthcoming about the amount in back wages his client sought. Thus, since in the case sub judice the Plaintiff's attorney's fees requested are far smaller than those sought in *Azam-Qureshi*, and are not excessively disproportionate to the amount recovered by the Plaintiff herein, the undersigned concludes that the Defendants' argument that the claim for attorney's fees should be denied in its entirety should be rejected. *Accord Thompson v. GGR Roofing*, 2006 WL 3837514 *3 (M.D. Fla. Dec. 29, 2006) (concluding that although plaintiff's request for $10,000.00 in attorney's fees was high in light of early settlement and the total payment to Plaintiff of $7500.00, that the amount was not grossly excessive).

Finally, although the Defendants make much of the fact that the Plaintiff's Counsel incurred significant hours after the Defendants' Offer of Judgment was accepted, it appears from the Plaintiff's Counsel's billing records that negotiations between the Parties regarding the attorney's fees were ongoing, along with, as mentioned above, the Parties' preparation of the final settlement documents. Therefore, the Defendants' argument on this point is also without merit.

2. Reasonable Attorney's Fee

Having determined that the Plaintiff in this matter is entitled to recover attorney's fees, the Court must now determine a reasonable amount of fees to be awarded. A court calculates a reasonable attorney's fee by using the lodestar method, which requires this Court to multiply the reasonable hours expended by Plaintiff's counsel by the reasonable

hourly rate of Plaintiff's counsel.  *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991).  Plaintiff bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999).  Plaintiff's counsel must also supply detailed evidence of the hourly rates and time he expended so that the Court may properly assess the time claimed for each activity. *Id*.

      This Court must first determine whether the hourly rate is reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar service by lawyers of reasonably comparable skills, experience and reputation. *Norman*, 836 F. 2d at 1299.  With respect to the issue of hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.  Citation to prior precedent showing reasonable rate adjudications may be used to demonstrate proof of prevailing market rates, as can affidavits of other attorneys or experts.  *Haugh v. Sec'y of the Dep't of Health & Human Services*, 1999 WL 525539 at *2 (Fed. Cl. 1999).

      After determining the reasonableness of the hourly rate, this Court must next determine the reasonableness of the hours expended.  *Norman*, 836 F. 2d at 1301.  Plaintiff's counsel must use "billing judgment" and exclude unnecessary hours, "irrespective of the skill, reputation or experience of counsel." *ACLU v. Barnes*, 168 F. 3d at 427.  With these principles in mind, the undersigned now turns to the attorney's fees requested in this case.

a)      *Reasonable Hourly Rate*

Plaintiff has submitted the Motion for attorney's fees reflecting that Mr. Norell is billed at a rate of $325.00 per hour.  In support of this Request, the Plaintiff's Counsel asserts, through the Affidavit of Mr. Sharp, that he has frequently been awarded the hourly rate of $295.00 for work similar to the work performed herein between the years of 2005-2006 (DE # 27-4 at 5).  In addition, Mr. Sharp's Affidavit also refers to the 2008 case of *Siegmann v. Resort Tour & Travel, Inc., et al.*, Case No. 07-61520-CIV-UNGARO-BENAGES wherein Mr. Norell was awarded $325.00 per hour (DE # 27-4 at 5).  However, the Court has reviewed that matter and notes that a default judgment was entered against the defendants in that case and the defendants failed to file an opposition to the plaintiff's attorney's fee request, and thus the hourly rate was not challenged.

In contrast, in this matter, the Defendants have opposed the Plaintiff's request for an hourly rate of $325.00 per hour, and have suggested that the rate of $250.00 per hour is a reasonable rate for Mr. Norell.  Based upon the Court's familiarity with FLSA litigation and the market rates for attorney's in the FLSA field, as well as the hourly rates previously awarded to Mr. Norell, the undersigned concludes that an hourly rate of $300.00 per hour for Mr. Norell is reasonable given the facts of the case at bar.

In addition, the Plaintiff seeks an hourly rate of $125.00 per hour for Mr. Kreger.  However, as mentioned previously, Mr. Kreger is not yet admitted to practice law in the state of Florida and thus cannot be billed at the hourly rate of an associate attorney, but rather must be billed as a paralegal.  The undersigned concludes that a rate of $100.00 per hour for Mr. Kreger is reasonable under the circumstances of this case.  Thus, the Court will reduce the fee award accordingly.

The undersigned now turns to determining whether the number of hours

expended by the Plaintiff's counsel on this matter was reasonable.

### b) *Number of Hours Reasonably Expended*

The undersigned has carefully reviewed the billing time sheets submitted by the Plaintiff concludes that, although the Plaintiff is entitled to recover attorney's fees in this matter, some of the fees sought by the Plaintiff improperly include billing for clerical tasks, are excessive, and include redundant billing and therefore should be reduced, as follows:

#### i. Clerical Tasks

As asserted by the Defendants, Plaintiff's counsel is not entitled to recover attorney's fees for the performance of clerical tasks. In *Peress v. Wand, M.D.,* 597 F. Supp. 2d 1320 (S.D. Fla. 2008), for example, the court made clear that an attorney in an FLSA case should not be permitted to recover attorney's fees for the performance of non-legal or clerical work. Specifically, the Court In *Peress* reduced the submitting attorney's bills for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by the Plaintiff's Counsel. *Id.* at 1325-26.

In this case, the Defendants assert that 8.2 of the 13.7 hours submitted on behalf of Mr. Norell do not constitute legal work. Defendants have submitted an entry-by-entry classification of the Plaintiff's Counsel's billing records and have identified many entries as "Non-Legal". However, the Defendants incorrectly identify certain billing entries as "Non-Legal" when, in fact, many of the cited entries reflect legal work, necessarily performed by an attorney. For example, the time spent by Mr. Norell reviewing orders from the Trial Judge, whether those entries were obtained from CM/ECF or not, and reviewing emails from Defendants' Counsel are compensable as part of the attorney's

fees. See e.g., Billing Entries: 5/15/2009 Reviewed E-Mail from defendant re: Please direct all future communications via our lawyer Caran Rothchild at GT. She will be handling this issue on behalf of KKA; 5/18/2009 Reviewed CM/ECF E-Mail re: Amended ORDER setting Initial Planning and Scheduling Conference for 7/10/2009 10:30 AM in Miami Division before Judge Ursula Ungaro. Signed by Judge Ursula Ungaro on 5/13/2009. (ail).

Accordingly, the undersigned has only reduced the following entries from Mr. Norell's time, consistent with the ruling in *Peress*, as they improperly seek recovery for clerical tasks:

| Date | Amount | Reduction |
|---|---|---|
| 5/11/2009 | 1.0 | .3 reduced for clerical task included in block billing |
| 5/12/2009 | 0.1 | .1 time reduce clerical task |
| 5/12/2009 | 0.1 | .1 time reduced clerical task |
| 5/22/2009 | 0.1 | .1 time reduced, clerical task |
| 8/10/2009 | 0.1 | .1 time reduced, clerical task |
| 8/11/2009 | 0.1 | .1 time reduced, clerical task |
| 8/11/2009 | 0.1 | .1 time reduced, clerical task |
| 9/9/2009 | .3 | .2 time reduced, clerical task included in submission |
| | TOTAL REDUCTION: | 1.1 hours |

Therefore, the Court will deduct 1.1 hours from Mr. Norell's hours for clerical tasks that could have been completed by a paralegal or associate.

Defendants also argue that Mr. Kreger's hours should be reduced from the

13

requested 6.6 hours to 1.3 hours.  To support their request, Defendants point to several entries on behalf of Jon Kreger which Defendants characterize as non-legal and thus not billable.  However, as noted above, Mr. Kreger is not an attorney licensed to practice law in this jurisdiction.  Thus, for purposes of this Motion, his work is viewed as that of a paralegal.  Nonetheless, pursuant to Eleventh Circuit case law, Mr. Kreger's work as a paralegal is compensable "to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (*quoting Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982)). Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses. *Allen v. United States Steel Corp.*, 665 F.2d at 697.  The undersigned has carefully reviewed the disputed entries and concludes that despite the Defendants' characterizations, the bulk of Mr. Kreger's billed work does not constitute clerical or secretarial work, but rather reflects the performance of work that, if not completed by Mr. Kreger, would be completed by an attorney rather than a secretary.  For example, e-mails to the Court or to opposing counsel regarding joint status reports or extensions of time to file court-required documents would not normally be prepared and/or forwarded by a secretary.  However, there are two entries submitted on behalf of Mr. Kreger that clearly should be disallowed as clerical work; the July 6, 2009 and August 3, 2009, entries each for .10 are for emailing two proposed orders in MS Word format to Judge Ungaro.   The formatting of the documents and forwarding of the same via e-mail clearly constitutes secretarial work.  As such, the undersigned will deduct .2 of  Mr. Kreger's time as clerical and/or secretarial.

### ii.  Excessive or Redundant Billing

A few of the billing entries in the Plaintiff's Counsel's records are redundant

14

and/or excessive and therefore must be reduced.  In particular, on August 3, 2009, Mr. Norell billed .4 for the preparation of a second motion for extension of time to file settlement documents.  However, although is it not entirely clear how much time counsel billed for the Joint Motion for Enlargement of Time to File Settlement Documents which was filed on July 23, 2010, the Second Motion for Enlargement of Time is almost identical to the First Motion, including the exact legal analysis and thus it should not have taken counsel .4 to draft the Second Motion.  Accordingly, the undersigned will deduct .2 from that amount.

In addition, the undersigned notes that the legal analysis in both of the Motions, is the exact same analysis filed in another case in which a plaintiff was represented by Mr. Norell, and thus the legal analysis was simply cut and pasted from that case.  As such, a reduction from .4 to .2 for the Motions is particularly appropriate. *See Siegmann v. Resort Tour & Travel, Inc., et al.*, Case No. 07-61520-CIV-UNGARO-BENAGES, DE # 7.

Also, on August 10, 2009, Mr. Norell billed .80 for preparing a "joint motion to approve settlement and proposed order granting the same; review and reply to E-Mail from opposing counsel re: same".  The undersigned finds the billed amount to be excessive particularly given that the Joint Motion to Approve Settlement Agreement (DE # 23) consists of two-written pages, does not involve significant legal analysis and sets forth facts that were readily recalled by the Plaintiff's Counsel because the Parties were in the midst of negotiating the settlement just prior the filing of that Motion.  Thus, the time should be reduced from .8 to .4, which is a reasonable amount of time to spend on that Motion under the facts of this case.

Similarly, Mr. Norell billed .2 on September 2, 2009 for reviewing email regarding the settlement agreement check, reviewing the settlement agreement and preparing

email to opposing counsel regarding the due date for the settlement proceeds.  This amount is excessive in this matter because the Parties previously spent and extraordinary amount of time settling the matter, and thus Plaintiff's Counsel was likely very familiar with the terms of the settlement agreement and the payments to be made thereunder.  Thus, the amount allowed for this entry should be reduced to .1.

Mr. Norell also billed an excessive amount for assembling his time records and forwarding the same to opposing counsel on September 9, 2009.  Thus, the undersigned will reduce the .3 hours billed by .1, for a total entry of .2, which is a reasonable amount of time needed to run and review the computer generated time records that were reflected entries that were input contemporaneously when the billable work was performed.

Finally, Mr. Kreger billed 1.0 hours for drafting the Plaintiff's Unopposed Motion for Enlargement of Time to File a Motion to Strike (DE # 13) and the Plaintiff's Unopposed Motion for Enlargement of Time to File a Joint Scheduling Report (DE # 12).  Again, both of the Motions are nearly identical to the motions for enlargement of time to file the Settlement Documents.  As such, the time billed is excessive and .7 will be deducted from the total amount.

### iii) Unnecessary Billing

The Defendants also refer to several entries by the Plaintiff's Counsel as either "Fee Related" or "Unnecessary, Etc.".  After a close review of those entries, however, the undersigned concludes that those billings are neither improper nor unnecessary.  Rather, the undersigned notes that may billing entries related to the amount of fees concerned responses to emails from Defendants' Counsel.  Obviously, it was necessary for the Plaintiff to respond, and he is entitled to bill for this time. Thus,  there should be

no reduction related to those entries.

Therefore, the Plaintiff is entitled to recover $4110.00 in total attorney's fees, which represents 11.8 hours (reduced from 13.7 hours)at an hourly rate of $300.00 per hour for a total of $3540.00 for Mr. Norell and 5.7 hours (reduced from 6.7 hours) at an hourly rate of $100.00 per hour for a total of $570.00 for Mr. Kreger.  Thus, the Plaintiff's overall attorney's fee awarded is $1167.50 less than the Plaintiff requested.

### III.     MOTION FOR COSTS

The Plaintiff also seeks to recover costs in the amount of $430.00 for the Filing Fee and Service of Process for the two Defendants in this matter (DE # 27).  The Defendants do not object to the requested amount of costs.  The undersigned has reviewed the costs as set forth in the billing record submitted by the Plaintiff's counsel and finds the costs to be reasonable and appropriate.  Thus, it is recommended that Plaintiff be awarded its costs as submitted.

### IV.     CONCLUSION

 Therefore, after a careful review of the record and for the aforesaid reasons, the undersigned Magistrate Judge does hereby

**RECOMMENDED** that the Plaintiff's Motion for Award of Attorney's Fees and Costs (DE # 27) be **GRANTED** in part.  The Plaintiff is entitled to recover $4330.00 in total attorney's fees which represents 11.8 hours at an hourly rate of $300.00 per hour for a total of $3540.00 for Mr. Norell, and 5.7 hours at an hourly rate of $100.00 per hour for a total of $570.00 for Mr. Kreger, and $430.00 for litigation costs, for a total amount of $4540.00 in fees and costs.

The parties shall have fourteen days from the service of this Report and

Recommendation to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on May 13, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record via CM/ECF